39 F.3d 1181
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leon C. ALCORN, Petitioner-Appellant,
v.
Emmitt L. SPARKMAN; Dewey Sowders; Jack C. Lewis;
Attorney General of Kentucky, Respondents-Appellees.
 No. 93-6492.
 United States Court of Appeals, Sixth Circuit.
 Oct. 27, 1994.
 
 Before: BROWN, MARTIN and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Leon C. Alcorn, a pro se Kentucky prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Alcorn's petition, filed on July 1, 1993, alleged generally that "[t]he petitioner is restrained of his liberty unlawfully by the Respondent," but failed to either state the conviction and sentence he was challenging or present specific constitutional violations warranting relief. The petition was, however, accompanied by exhibits which established that Alcorn had been convicted by a jury in October 1988 of second degree assault and being a first degree persistent felony offender (PFO). Alcorn was sentenced to an enhanced term of 20 years in prison due to his PFO conviction. His direct appeal and RCr 11.42 motion were unsuccessful. In addition, Alcorn brought a previous habeas petition, which was denied on the merits. A panel of this court affirmed the district court's decision in that case in an unpublished order. Alcorn v. Sowders, No. 91-6229 (6th Cir. March 27, 1992).
 
 
 3
 A magistrate judge recommended that Alcorn's current petition be dismissed as successive in his proposed findings of fact and recommendation, filed on July 21, 1993. Even though grounds for relief were not specified, the magistrate judge inferred from the accompanying exhibits that Alcorn was raising the same issues previously raised in his first habeas petition. Alcorn timely filed objections which finally stated three grounds for relief: (1) ineffective assistance of counsel for failing to call a crucial witness, (2) prosecutorial misconduct consisting of misleading the jury and presenting perjured testimony, and (3) denial of his right to properly impeach a witness. The objections also noted that Alcorn is illiterate. The district court overruled Alcorn's objections and dismissed his petition in an opinion and order filed on July 29, 1993.
 
 
 4
 On appeal, Alcorn raises the sole issue of "ineffective assistance of appellate counsel," arguing that the inmate writ-writer who prepared his habeas petition was ineffective. He requests the appointment of counsel in his brief on appeal.
 
 
 5
 Upon review, we affirm the district court's order for reasons other than that relied upon by the district court. See Jarrett v. Kassel, 972 F.2d 1415, 1429 (6th Cir.1992), cert. denied, 113 S.Ct. 1272 (1993). To warrant habeas relief, a petitioner must establish that his trial was fundamentally unfair or that the proceeding resulted in his unjust confinement. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 6
 A habeas petition may be dismissed as a successive petition if: (1) the same grounds presented in the subsequent application were determined adversely to the applicant on the prior application; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the subsequent application. See 28 U.S.C. Sec. 2244(a); Rule 9(b), Rules Governing Sec. 2254 Cases; Sanders v. United States, 373 U.S. 1, 15 (1963). The magistrate judge assumed that Alcorn was merely attempting to relitigate the grounds for relief decided adversely to him in his first habeas petition, i.e., improper denial of a continuance and prosecutorial misconduct based upon the prosecutor's comments during closing argument. However, in his objections to the magistrate judge's report, Alcorn did raise three issues not presented previously. Thus, the district court erred in concluding that the petition was successive.
 
 
 7
 Nonetheless, the petition was properly dismissed. Even if the issues presented in Alcorn's objections are considered to be timely raised, they are conclusory, unsupported by specific facts, and wholly insufficient to allege constitutional defects in his criminal proceeding. Accordingly, the district court did not err when it declined to address the issues stated in Alcorn's objections. A habeas petition must "state facts that point to a 'real possibility of constitutional error.' " Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). Moreover, Alcorn did not raise any of these issues in his brief on appeal. Thus, they are considered abandoned and are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 8
 The only issue presented by Alcorn for appellate review, the ineffectiveness of the jailhouse lawyer who prepared Alcorn's inadequate petition, is meritless. It is well-settled that a civil litigant, including a habeas petitioner, has no constitutional right to counsel. See McCleskey v. Zant, 499 U.S. 467, 495 (1991). It follows that there is no constitutional right to the effective assistance of counsel in a civil case. See Barkauskas v. Lane, 946 F.2d 1292, 1294 (7th Cir.1991); Friedman v. Arizona, 912 F.2d 328, 333 (9th Cir.1990), cert. denied, 498 U.S. 1100 (1991).
 
 
 9
 Accordingly, the request for counsel is denied. The district court's order, entered on July 29, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.